Matter of Latoria B. (Bianca B.) (2023 NY Slip Op 06697)

Matter of Latoria B. (Bianca B.)

2023 NY Slip Op 06697

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND DELCONTE, JJ.

1018 CAF 23-00159

[*1]IN THE MATTER OF LATORIA B., RASHAD B., SHAMIKA B., KAMIYAH B., AND KENDRA B. OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; BIANCA B. AND KENNEX B., RESPONDENTS-APPELLANTS.

AMDURSKY, PELKY, FENNELL & WALLEN, P.C., OSWEGO (AMY CHADWICK OF COUNSEL), FOR RESPONDENT-APPELLANT KENNEX B.
BANASIAK LAW OFFICE, PLLC, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR RESPONDENT-APPELLANT BIANCA B.
AMY L. HALLENBECK, GLOVERSVILLE, FOR PETITIONER-RESPONDENT. 
DONALD H. DODD, OSWEGO, ATTORNEY FOR THE CHILDREN.

 Appeals from an order of the Family Court, Oswego County (Thomas Benedetto, J.), entered January 9, 2023, in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, transferred respondents' guardianship and custody rights with respect to the subject children to petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent mother and respondent father appeal from an order that terminated their parental rights with respect to their five children on the grounds that respondents severely abused two of the children and derivatively severely abused the other three children. Family Court's findings of severe abuse and derivative severe abuse were based on, inter alia, orders entered on the admissions and consent of respondents in a Family Court Act article 10 proceeding. We affirm.
Respondents both contend that the court erred in terminating their parental rights because the orders of fact-finding issued in the underlying Family Court Act article 10 proceeding were insufficient to establish severe abuse. Respondents' contentions are not preserved for appellate review inasmuch as respondents did not move to vacate the orders of fact-finding or to withdraw their admissions of severe abuse (see Matter of Abigail H. [Daniel D.], 172 AD3d 1922, 1923 [4th Dept 2019], lv denied 34 NY3d 901 [2019]; Matter of Megan L.G.H. [Theresa G.H.], 102 AD3d 869, 869-870 [2d Dept 2013]). In any event, in making its determination to terminate respondents' parental rights on the ground that the children were severely abused and derivatively severely abused, the court did not rely solely on respondents' admissions of severe abuse. The court also relied on respondents' criminal convictions arising from their conduct towards the children, which establish that they severely abused and derivatively severely abused the children (see Social Services Law § 384-b [4] [e]; [8] [a] [iii] [C]).
Contrary to the further contentions of the mother, the court did not abuse its discretion in refusing to issue a suspended judgment. The record supports the court's determination that a suspended judgment was not in the children's best interests (see generally Matter of Shadazia W., 52 AD3d 1330, 1331 [4th Dept 2008], lv denied 11 NY3d 706 [2008]; Matter of [*2]Da'Nasjeion T., 32 AD3d 1242, 1242 [4th Dept 2006]).
We have considered the remaining contentions of respondents and conclude that they do not warrant reversal or modification of the order.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court